UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GILBERTO RODRIGUEZ, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 5:17-CV-161 |
| STATE FARM LLOYDS, | § § | |
| Defendant. | § § | |

## ORDER

This case arose from an insurance-coverage dispute over alleged damages caused to Plaintiff's home by a burst pipe. (Dkt. No. 1-2 at 4). Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 9), which argues that some of Plaintiff's claims are time-barred and others fail on the evidence presented. Plaintiff disagrees with both contentions. The Court has carefully considered all pleadings and relevant case law and for the reasons stated below **GRANTS** Defendant's Motion for Summary Judgment (Dkt. No. 9).

### I. BACKGROUND

On January 6, 2015, a burst pipe damaged Plaintiff's property. (Dkt. No. 1-2 at 4). To pay for repairs, Plaintiff filed a claim with Defendant, which had insured his house. (*Id.*). Defendant assigned an adjuster to inspect Plaintiff's property for any damage from the water discharge. (*Id.*). According to Plaintiff, the adjuster "failed to adequately adjust" his claim, and Defendant did not pay what was owed under the insurance policy. (*Id.* at 4–5).

On July 13, 2017, Plaintiff filed this lawsuit in the 406th Judicial District of

Webb County, asserting claims against Defendant for violation of the Texas Insurance Code, breach of contract, and intentional breach of the common law duty of good faith and fair dealing (collectively, Plaintiff's "non-fraud claims"), as well as common law fraud and conspiracy to commit fraud (collectively, Plaintiff's "fraud claims"). (*Id.* at 11–16). After removing the case to federal court, Defendant filed the instant Motion for Summary Judgment. (Dkt. No. 9).

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence is viewed in the light most favorable to the nonmovant. *Miller v. Metrocare Servs.*, 809 F.3d 827, 832 (5th Cir. 2016).

The initial burden is on the movant to point to portions of the record that he believes demonstrate the absence of a genuine dispute about a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986) (emphasis omitted).

"If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the movant would not bear the burden of proof at trial on a particular claim, he meets his initial burden on summary judgment if he identifies an element of the claim for which the nonmovant has produced no evidence. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992).

## III. ANALYSIS

Defendant argues that it is entitled to summary judgment because (1) Plaintiff's non-fraud claims are time-barred; (2) Plaintiff's fraud claims lack sufficient evidentiary support and fail as a matter of law; and (3) a settlement agreement signed by the Parties in prior litigation proves its affirmative defenses of release and accord and satisfaction beyond peradventure. Plaintiff has responded that (1) Defendant is wrong about the date Plaintiff's non-fraud causes of action accrued and they are not time-barred; (2) summary judgment on Plaintiff's fraud claims would be untimely; and (3) the prior settlement between Defendant and Plaintiff involved only a claim separate and apart from the instant dispute. These points of contention will be addressed in turn.

### A. Non-Fraud Claims

To determine whether Plaintiff's non-fraud claims are time-barred, the Court

must measure each against its applicable limitations period. "Under Texas law, claims for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code must be brought within two years after the cause of action accrues." *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 407 (5th Cir. 2016). The default limitations period for breach of an insurance contract, on the other hand, "is four years from the day the cause of action accrues." *Citigroup Inc. v. Federal Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011) (citations omitted). But because Plaintiff's insurance policy specified that contractual claims against State Farm must be filed "within two years and a day from the date the cause of action accrues," that is the governing limitations period. (Dkt. No. 10-1 at 20, 40); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.070(a) ("[A] person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years."). In essence, all of Plaintiff's non-fraud claims must have been brought within two years and a day of the date those causes of action accrued; otherwise, they are time-barred.

Plaintiff brought this lawsuit on July 13, 2017. (Dkt. No. 1-2 at 2). Hence, the Court must determine whether his non-fraud claims accrued before July 12, 2015.

### *1. Date of Accrual*

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex.

4

2003). "In Texas, a cause of action for breach of a first-party insurance contract accrues when the insurer denies the claim." *De Jongh*, 664 F. App'x at 408 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)). The same is true for causes of action based on breaches of the Texas Insurance Code and the duty of good faith and fair dealing. *Knott*, 128 S.W.3d at 221 ("A plaintiff's cause of action under the Texas Insurance Code for unfair claims settlement practices . . . accrues on the date that the insurer denies coverage. . . . [A] plaintiff's cause of action for bad-faith breach of a first-party insurance contract accrues at the time the insurer denies the insured's claim." (citations omitted)).

Accrual of a cause of action arising from denial of an insurance claim can be triggered by either (1) the issuance of a written notice of denial, or (2) in the absence of a written notice of denial, the insurer's closure of the claim. *De Jongh*, 664 F. App'x at 408–09 (first citing *Knott*, 128 S.W.3d at 222; then citing *Williams v. Allstate Fire & Cas. Ins. Co.*, No. H–11–530, 2012 WL 1098424, at *5 (S.D. Tex. Mar. 30, 2012)). An insurer need not "include 'magic words' in its denial of a claim if an insurer's determination regarding a claim and its reasons for the decision are contained in a clear writing to the insured." *Knott*, 128 S.W.3d at 222–23. Hence, a denial letter "need not use the word 'denial,' but only state that there is not coverage for the claim and give reasons why coverage is being denied." *Citigroup*, 649 F.3d at 374 (citing *Knott*, 128 S.W.3d at 221–22)).

Evidence in the summary-judgment record conclusively establishes the following: On January 7, 2015, Plaintiff reported a claim to State Farm for damage

5

to his property caused by a burst pipe. (Dkt. No. 10-2 at 2). On January 21, 2015, State Farm sent a letter informing Plaintiff that it had completed its evaluation of his claim and determined that the cost to repair his property ($3,759.39) less depreciation ($302.12) did not exceed his deductible ($3,517.00). (Dkt. Nos. 10-2 at 2, 17; 28-1). Thus, State Farm concluded, "we are unable to make a payment on this claim." (Dkt. No. 10-2 at 17). A summary of coverage enclosed with the letter explained that if Plaintiff incurred certain additional replacement costs, his claim would exceed his deductible by $242.39, and the policy would pay that amount. (Dkt. No. 28-1 at 4–5). State Farm thereby made its position on Plaintiff's claim clear: if he did not incur certain repair or replacement costs, he was entitled to nothing under his policy; if he did incur those repair or replacements costs, he was entitled to $249.39. Otherwise, his claim was denied.

Despite the January 21 letter, Plaintiff argues that its non-fraud claims did not accrue until October 2015, when he alleges State Farm administratively closed his burst-pipe claim for the first time. (Dkt. No. 12 at 6–12). But even assuming the truth of that allegation, it is wholly beside the point. As noted previously, Plaintiff's non-fraud claims would have accrued either when his insurer (1) issued a written notice of denial, or (2) administratively closed the claim.[1] Each condition

---

[1] *Compare Murray*, 800 S.W.2d at 828–29 (A first party claim . . . accrues when an insurer unreasonably fails to pay an insured under the policy. The injury producing event is the denial of coverage." (citation omitted)), *and Citigroup*, 649 F.3d at 373–74 ("A claim for breach of an insurance contract accrues and limitations begin to run on the date coverage is denied." (citation omitted)), *with De Jongh*, 664 F. App'x at 408–09 ("Admittedly, the accrual date is often tied to a written notice of denial. . . . However, courts have used the claim closure date as the accrual date where there is no notice of denial." (citations omitted)).

was itself sufficient to trigger accrual.

Plaintiff's non-fraud claims therefore accrued on the date of State Farm's denial letter: January 21, 2015.

### *2. Potential Clock Reset*

As Plaintiff notes, if an insurer changes or withdraws a prior denial of a policy claim, the limitations period based on the prior denial may restart. *Pace v. Travelers Lloyds of Tex. Ins. Co.*, 162 S.W.3d 632, 635 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 954 (Tex. App.—Corpus Christi 1998, no pet.)). But merely requesting that an insurance company reinvestigate a previously denied claim or closed file "does not in and of itself reset the limitations clock." *De Jongh*, 664 F. App'x at 409 (citation omitted). Nor does an insurer's "willingness to review additional information." *Grayson v. Lexington Ins. Co.*, G-15-120, 2016 WL 4733447, at *2 (S.D. Tex. Sept. 12, 2016) (first citing *Pace*, 162 S.W.3d at 635; then citing *Sheppard v. Travelers Lloyds of Tex. Ins. Co.*, No. 14-08-00248-CV, 2009 WL 3294997, at *5–7 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009)).

In its response to Defendant's Motion, Plaintiff might be construed as arguing that because Defendant did not issue a "final denial" until 2016, any limitations clock that began to run at an earlier date would have been reset by that issuance. (Dkt. No. 12 at 9–12). The Court disagrees. Although Defendant may have continued investigating Plaintiff's burst-pipe claim after its January 21 denial, no evidence in the summary-judgment record demonstrates that Defendant ever

changed or withdrew its initial claim determination. (*Id.*). Reinvestigation itself is insufficient to show a prior decision's withdrawal or change.[2]

In the absence of sufficient corroborating evidence, the Court cannot conclude that the limitations period on Plaintiff's non-fraud claims ever reset. The limitations clock started on January 21, 2015, and elapsed before Plaintiff filed the instant lawsuit on July 13, 2017. Plaintiff's non-fraud claims are therefore time-barred and must be dismissed.

### B. Fraud and Conspiracy Claims

The only remaining claims against Defendant are common law fraud and conspiracy to commit fraud. Defendant's Motion for Summary Judgment argues that these claims fail because the post-loss misrepresentations Plaintiff predicates them on were neither "material" nor "relied upon," as required by Texas law. (Dkt. No. 10 at 13).

Plaintiff found it "unclear from Defendant's motion the nature of its claim that Plaintiff may not maintain its fraud claims." (Dkt. No. 12 at 15). In any event,

---

[2] *See, e.g., Grayson*, 2016 WL 4733447, at *2 ("While Lexington did reassess its financial liability and pay additional money for the insufficient allowance it had made for necessary demolition, the Court does not consider that to be a change of 'position' or an action inconsistent with Lexington's original decision."); *Sheppard*, 2009 WL 3294997, at *5–7 ("Sheppard contends that '[w]here an insurer [ ] . . . reinvestigates a claim, the limitations period commences at the time of the latest denial, and not the initial denial of benefits.' . . . Sheppard's argument parallels one this court already has rejected." (citing *Pace*, 162 S.W.3d at 634–35)); *Watson v. Allstate Tex. Lloyd's*, 224 F. App'x 335, 340 (5th Cir. 2007) ("[I]nstead of having opened a 'new' claim in August 2002, the Watsons simply reinstated their previously denied roof damage claim, which Allstate again denied. Such a reinstatement does not re-start the limitations period for a breach of contract action." (citations omitted)); *Pace*, 162 S.W.3d at 635 ("[T]o whatever extent the April 26 decision was reconsidered by Travelers based on the additional information, there is no evidence that that decision was ever expressly or impliedly withdrawn or changed, such as by making payment or otherwise taking action inconsistent with that decision.").

Plaintiff responds that Defendant's argument is untimely because there has not been "adequate time for discovery." (*Id.*).

In its reply, Defendant argues for the first time[3] that Plaintiff has failed to produce evidence that any *pre-* or post-loss statements complained of in Plaintiff's pleadings were either (1) misrepresentations or (2) relied on by Plaintiff. (Dkt. No. 13 at 7–8). Further, Defendant notes that to the extent Plaintiff needs additional time and discovery to justify its opposition to a summary-judgment motion, he must allege what additional information could be learned through discovery that would affect the summary-judgment result and properly support that contention with an affidavit or declaration. (*Id.* at 7).

Plaintiff sought and was granted leave to file a sur-reply. (Dkt. Nos. 14–15, 17). That filing, however, failed to address any of the foregoing issues. (Dkt. No. 15).

### *1. Elements of Fraud Claims*

In Texas, a common law fraud claim requires proof of the following:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in

---

[3] "A court generally will not consider arguments raised for the first time in a reply brief." *Oldham v. Thompson/Ctr. Arms Co., Inc.*, H–12–2432, 2013 WL 4042010, at *7 n.3 (S.D. Tex. Aug 8, 2013) (quoting *Pa. Gen. Ins. Co. v. Story*, No. Civ. A. 3:03CV0330-G, 2003 WL 21435511, at *1 (N.D. Tex. 2003)). "However, no 'palpable injustice' exists where the nonmovants are given a chance to respond." *Id.* (quoting *Story*, 2003 WL 21435511, at *1). "In granting leave to file a surreply, the court affords plaintiffs the opportunity to respond to the new argument raised in the defendant's reply brief." *Story*, 2003 WL 21435511, at *1 (citing *Blanchard & Co., Inc. v. Heritage Capital Corp.*, No. 3:97-CV-690-H, 1997 WL 757909, at *1 (N.D. Tex. Dec. 1, 1997)).

reliance on the representation; and (6) the party thereby suffered injury.

*Allstate Ins. Co. v. Receivable Fin. Co. L.L.C.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). Relatedly, conspiracy to commit fraud, which "might be called a derivative tort[,] . . . depends on participation in [the] underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Thus, if a defendant cannot sustain a claim for fraud, it cannot sustain a claim for conspiracy to commit fraud. *See Receivable Fin. Co.*, 501 F.3d at 414 ("Because A&I cannot be held liable for fraud, the remaining defendants-appellants cannot be held liable for conspiracy to commit fraud." (citing *Tilton*, 925 S.W.2d at 681)).

### 2. Movant's Burden

A movant who would not bear the burden of proof on a particular claim at trial meets his initial burden on summary judgment if he identifies an element of the claim for which the nonmovant has produced no evidence. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). Here, Defendant did just that when it identified elements of Plaintiff fraud claims—misrepresentation and reliance—for which no evidence has been produced. Thus, the burden shifts to Plaintiff to come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted).

### 3. Nonmovant's Burden

In both his reply and sur-reply, Plaintiff failed to identify a genuine issue of material fact on his fraud claims. Perhaps this was because he thought his untimeliness argument would prove meritorious. If that was Plaintiff's belief, he was mistaken.

The Federal Rules of Civil Procedure do allow courts to deny motions for summary judgment and extend discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). "While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (citations and internal quotation marks omitted). "In particular, the party opposing summary judgment must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). "That party must also have 'diligently pursued discovery.'" *Id.* (quoting *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014)).

Plaintiff has failed to demonstrate that a Rule 56(d) extension should be

granted. He has not set forth any facts susceptible to collection that would influence the outcome of the pending summary-judgment motion. And even if he had, he has failed to support such assertions with the requisite affidavit or declaration. Consequently, a Rule 56(d) extension will not be granted.[4]

In sum, Defendant met his initial summary-judgment burden by identifying elements of Plaintiff's fraud claims that lack corroborating evidence. The burden therefore shifted to Plaintiff to point to specific facts showing that a genuine issue on those claims exists for trial. He failed to do so. Instead, he argued that Defendant's Motion was untimely, but did not support that contention as required by Rule 56(d). Defendant is therefore entitled to summary judgment on Plaintiff's fraud claims.

## IV. CONCLUSION

In light of the foregoing discussion, the Court need not address the other arguments raised in Defendant's Motion for Summary Judgment. There are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgement (Dkt. No. 9) is **GRANTED**, and all of Plaintiff's claims against Defendant are dismissed with prejudice. Final Judgment in favor of Defendant will accompany this Order.

It is so **ORDERED**.

---

[4] The Court also notes that Plaintiff did not oppose Defendant's March 2018 motion to abate all discovery deadlines. (Dkt. Nos. 24, 25). If Plaintiff were diligently pursuing discovery of the evidence he complains of not having, it seems odd that he would countenance abatement of all discovery deadlines.

**SIGNED** August 17, 2018.

_____
Marina Garcia Marmolejo
United States District Judge